# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| HUTCHESON MEDICAL CENTER, INC., | : | |
| et al., | : | Jointly Administered Under |
| | : | CASE NO. 14-42863-pwb |
| DEBTORS. | : | |

## UNITED STATES TRUSTEE'S MOTION TO DISMISS AND FOR AN EXPEDITED HEARING THEREON

Comes now Guy G. Gebhardt, the Acting United States Trustee for Region 21, in furtherance of his administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a) and 11 U.S.C. § 1112(b), and files this Motion to Dismiss, and in support thereof states as follows:

1.  The Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

2.  Pursuant to 28 U.S.C. § 586(a)(3) and (8), the United States Trustee's duties include supervising the administration of chapter 11 cases. The United States Trustee files this motion in furtherance of his duties and responsibilities pursuant to 28 U.S.C. § 586 and 11 U.S.C. § 307.

### I.   STATEMENT OF FACTS

3.  On November 20, 2014, Hutcheson Medical Center, Inc. and Hutcheson Medical Center Division, Inc. (the "Debtors") filed voluntary petitions for relief under

Chapter 11 of the Bankruptcy Code, Title 11 U.S.C. § 101 et seq. Since that time, the Debtors have continued in possession of their assets pursuant to 11 U.S.C. §§ 1107 and 1108.

4. On November 25, 2014, the Court entered an order granting joint administration of the Debtors' cases. (Doc. No. 30).

5. On December 2, 2014, the United States Trustee appointed an Official Committee of Unsecured Creditors in these cases. (Doc No. 46).

6. No trustee or examiner has been appointed in these cases.

7. On December 14, 2014, the United States Trustee appointed Susan N. Goodman as the patient care ombudsman for Hutcheson Medical Center, Inc. (the "Patient Care Ombudsman") pursuant to 11 U.S.C. § 333(a)(1). (Doc. No. 64).

8. On August 13, 2015, the Debtors filed their Monthly Operating Reports for the month of June 2015 (the "June Reports"). (Doc No. 295).

9. The June Reports indicate that that the Debtors have grown increasingly administratively insolvent.

10. On August 13, 2015, in response to a request from the United States Trustee, the Debtors provided the United States Trustee with the following information regarding the Debtors' post-petition accounts payable as of July 31, 2015[1]:

| Category of Debt | Amount |
| --- | --- |
| Hutcheson Medical Center Accounts Payable | $912,606 |
| Professional Fees | $1,800,411 |
| Hutcheson Medical Division Accounts Payable | $55,666 |
| Payroll Taxes | $450,409 |
| TPA for Hospital Self Insured Health Plan | $1,787,140 |

11. The information provided by the Debtors indicates that their current post-petition unpaid obligations exceed $5,015,000.

12. On August 14, 2015, the Patient Care Ombudsman met with the United States Trustee for purposes of discussing current conditions at the Debtors' hospital and any risk to patients caused by the Debtors' current financial strain.

13. The United States Trustee learned from the Patient Care Ombudsman that she is concerned about the increased strain on the Debtors' clinical lab as evidenced by increasingly tight staffing patterns, delayed supply delivery necessitating borrowing of standard items from other facilities to meet patient care needs, and analyzer equipment problems. For example, hospitals typically have two functioning analyzers for certain test types such as a CBC given the criticality of this equipment to patient care. The Patient Care Ombudsman advised the United States Trustee that currently the Debtors have only

---

[1] The information provided by the Debtors' contained the a note stating that "[T]hese numbers have not been updated since the end of July and some invoices may not have been entered into payables as of the cutoff."

one functioning analyzer for this purpose and that machine is reading periodic error codes.

14. The concerns of the Patient Care Ombudsman underscore the grave condition of the Debtors' operations and patient safety.

15. Although these cases have been pending under chapter 11 for over ten (10) months, the Debtors have not proposed a plan of reorganization.

## II. AUTHORITIES AND ARGUMENT

16. 11 U.S.C. § 1112(b), in pertinent part, provides as follows:

[T]he court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause….

(4) For purposes of this subsection, the term "cause" includes –

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation[.]

11 U.S.C. § 1112(b)(4)(A).

17. Given the Debtors' current financial situation, the United States Trustee questions whether the Debtors have the ability to reorganize their financial affairs. The United States Trustee contends that based upon the circumstances in these cases, cause for dismissal under §1112(b)(4)(A) exists.

18. The Debtors' administrative insolvency constitutes cause for dismissal of these cases. (*See In re BH S & B Holdings, LLC*, 439 B.R. 342 (Bankr. S.D.N.Y. 2010)

and *In re Sheehan Memorial Hospital*, 301 B.R. 777 (Bankr. W.D.N.Y. 2003)). The list of grounds for converting or dismissing a chapter 11 case under 11 U.S.C. § 1112(b)(4) is illustrative, not exhaustive, and as a result courts may consider other grounds as deemed appropriate. *BH S & B Holding*, 439 B.R. at 349. While a debtor's administrative insolvency is not specifically shown on the section 1112(b)(4) list, nonetheless, numerous courts have converted or dismissed cases on the basis of administrative insolvency. *Id*.

19. Chapter 11 provides debtors an opportunity to develop a reorganization plan that will address its outstanding pre-petition obligations. *Sheehan Memorial Hospital,* 301 B.R. at 780. "During the pendency of chapter 11, the debtor operates without most of the pressures of collection by creditors. The bankruptcy code presumes, however, that a debtor-in-possession will generally satisfy its current obligations. Otherwise, accumulated losses will jeopardize the debtor's ability to affect a viable plan of reorganization." *Id.* In order for a debtor to confirm a plan, it must commit to pay all administrative claims on the effective date of the plan. *See* 11 U.S.C. § 1129(a)(9)(A). Accumulated administrative liabilities will impede or prevent the confirmation of a plan. Without a specific timetable for the curing of the outstanding administrative claims, cause exists for dismissal. *Id.*

20. Failure or inability to obtain confirmation of a plan within a reasonable period of time also constitutes cause for dismissal of a chapter 11 case under 11 U.S.C. § 1112(b). *See In re American Capital Equipment, Inc.*, 405 B.R. 415, 426-7 (Bankr. W.D.Pa. 2009) (inability "to effectuate a confirmable plan within a reasonable period of time ... remains a viable basis for conversion given that 'the list of examples of cause [for

conversion] under [11 U.S.C.] section 1112(b) [ (4) ] is not exhaustive.'") (citing 7 Collier on Bankruptcy, ¶ 1112.04[5][b] at 1112-38 (Bender 2008)); *In re DCNC North Carolina I, LLC*, 407 B.R. 651, 665 (Bankr. E.D.Pa. 2009) ("Fundamental bankruptcy policy continues to support the proposition that the inability to propose a feasible reorganization or liquidation plan provides 'cause' for dismissal or conversion of a chapter 11 case on request of an interested party."). *See also In re Global Ship Systems, LLC*, 391 B.R. 193, 202 (Bankr. S.D.Ga. 2007) (holding that lack of good faith in filing may still be considered in determining whether cause exists under current statute); *In re 3 Ram, Inc.*, 343 B.R. 113, 116-17 (Bankr.E.D.Pa.2006) ("While the enumerated examples of 'cause' to convert or dismiss a chapter 11 case now listed in § 1112(b)(4) have changed under BAPCPA, the fact that they are illustrative, not exhaustive has not."); *In re Ameribuild Const. Management, Inc.*, 399 B.R. 129, 131-2 (Bankr. S.D.N.Y. 2009); *In re Pittsfield Weaving Co.*, 393 B.R. 271, 274 (Bankr. D.N.H. 2008).

21.     The United States Trustee contends that at this time sufficient grounds exist for dismissal of these cases.

### III.    REQUEST FOR EXPEDITED HEARING

22.     Federal Rule of Bankruptcy Procedure 9014(a) provides that a motion, such as the instant motion to dismiss, shall be made on reasonable notice and opportunity for a hearing. The United States Trustee believes that because the well-being of the Debtors' patients is at risk, an expeditious hearing on this motion is needed.

23. In accordance with Federal Rule of Bankruptcy Procedure 9014, the Court may schedule a hearing on this motion on an expedited basis, and the United States Trustee respectfully requests that the Court do so in this instance.

24. Accordingly, the United States Trustee respectfully requests a hearing on this matter as soon as the Court's schedule will permit.

25. The United States Trustee has served this Motion via e-mail where e-mail addresses are available and via first-class mail on the Debtors, the Debtors' counsel, counsel for the Official Committee of Unsecured Creditors, and all parties who filed a Notice of Appearance in this case. The United States Trustee requests that the Court find such service to be appropriate and proper.

## IV. CONCLUSION

The Debtors have been under the protection of the Court as debtors-in-possession for a period exceeding ten (10) months. During that time the Debtors failed to propose a plan of reorganization. Now, the Debtors' own financial records indicate that the Debtors are administratively insolvent and in financial extremis. The Debtors' current financial situation puts the Debtors' patients at risk. Accordingly, the Court should dismiss these cases for cause under 11 U.S.C. § 1112 of the Bankruptcy Code.

**WHEREFORE**, the United States Trustee respectfully requests that the Court: (i) enter an order scheduling an expedited hearing on this motion and (ii) dismiss these cases pursuant to 11 U.S.C. § 1112, and (iii) grant such other relief as is necessary and appropriate.

        Respectfully submitted,
        GUY G. GEBHARDT
        ACTING UNITED STATES TRUSTEE
        REGION 21

        */s Martin P. Ochs*
        MARTIN P. OCHS
        Georgia Bar No. 091608
        MARTIN P. OCHS
        Georgia Bar No. 091608
        Trial Attorney

Office of the United States Trustee
362 Richard B. Russell Building
75 Spring Street, SW
Atlanta, GA 30303
404.331.4437
martin.p.ochs@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing

## UNITED STATES TRUSTEE'S MOTION TO DISMISS AND FOR AN EXPEDITED HEARING THEREON

was this day sent to the parties on the below list. Where e-mail addresses are indicated the Motion was served via e-mail and first-class mail and where no e-mail address is indicated the Motion was served via first class mail only.

Hutcheson Medical Center, Inc.
100 Gross Crescent Circle
Fort Oglethorpe, GA 30742

J. Hayden Kepner, Jr.
Scroggins & Williamson
1500 Candler Bldg.
127 Peachtree Street, NE
Atlanta, GA 30303
404-893-3880
hkepner@swlawfirm.com

Ashley Reynolds Ray
Scroggins & Williamson
1500 Candler Building
127 Peachtree Street, NE
Atlanta, GA 30303
aray@swlawfirm.com

J. Robert Williamson
Scroggins and Williamson
1500 Candler Building
127 Peachtree Street, N.E.
Atlanta, GA 30303
rwilliamson@swlawfirm.com

Eric W. Anderson
Parker, Hudson, Rainer & Dobbs, LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, NE
Atlanta, GA 30303
eanderson@phrd.com

John J Dyer
Greenberg Traurig, LLP
Terminus 200 - Suite 2500
3333 Piedmont Road, NE
Atlanta, GA 30305
dyerj@gtlaw.com

John D. Elrod
Greenberg Traurig, LLP
Terminus 200 - Suite 2500
3333 Piedmont Road, NE
Atlanta, GA 30305
elrodj@gtlaw.com

Benjamin R. Keck
Greenberg Traurig LLP
Terminus 200 - Suite 2500
3333 Piedmont Road, NE
Atlanta, GA 30305
keckb@gtlaw.com

David B. Kurzweil
Greenberg Traurig, LLP
Terminus 200 - Suite 2500
3333 Piedmont Road, NE
Atlanta, GA 30305
kurzweild@gtlaw.com

Steven P. Ordaz
BMC Group, Inc.
Suite 800
500 N. Dearborn St.
Chicagol, IL 60654
sordaz@bmcgroup.com

Bruce C. Bailey
Chambliss, Bahner & Stophel, P.C.
Liberty Tower
605 Chestnut Street, Suite 1700
Chattanooga, TN 37450
bbailey@cbslawfirm.com

Herbert C. Broadfoot, II
Herbert C. Broadfoot II, PC
Suite 200
3343 Peachtree Road, NE
Atlanta, GA 30326
bert@hcbroadfootlaw.com

Robert B. Campos
Law Office of Robert B. Campos
Suite 109 - #317
2774 N. Cobb Parkway
Kennesaw, GA 30144
rcampos@camposlawoffice.net

Kevin G Collins
Barnes & Thornburg LLP
1000 N West Street
Suite 1500
Wilmington, DE 19801

Joseph Corrigan
One Federal Street
7th Floor
Boston, MA 02110

David W. Cranshaw
Morris, Manning & Martin, L.L.P.
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326
dhp@mmmlaw.com

Morris, Manning & Martin, LLP
c/o David W. Cranshaw
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326
dwc@mmmlaw.com

Gregory R. Crochet
Kutak Rock LLP
Suite 2750
303 Peachtree Street, NE
Atlanta, GA 30308
greg.crochet@kutakrock.com

Erich N. Durlacher
Burr & Forman, LLP
Suite 1100
171 Seventeenth St., NW
Atlanta, GA 30363
edurlach@burr.com

Susan N. Goodman
Mesch, Clark & Rothschild, PC
259 N. Meyer Avenue
Tucson, AZ 85701
sgoodman@mcrazlaw.com

David E. Gordon
Dentons US LLP
Suite 5300
303 Peachtree Street
Atlanta, GA 30308
david.gordon@dentons.com

Leon S. Jones
Jones & Walden, LLC
21 Eighth Street, NE
Atlanta, GA 30309
ljones@joneswalden.com

Benjamin R. Keck
Greenberg Traurig LLP
Terminus 200 - Suite 2500
3333 Piedmont Road, NE
Atlanta, GA 30305
keckb@gtlaw.com

J. Hayden Kepner, Jr.
Scroggins & Williamson
1500 Candler Bldg.
127 Peachtree Street, NE
Atlanta, GA 30303
hkepner@swlawfirm.com

Darryl S. Laddin
Arnall Golden Gregory LLP
Suite 2100
171 17th Street, NW
Atlanta, GA 30363
Darryl.Laddin@AGG.com

Chattanooga-Hamilton County Hospital
Authority
975 E. Third Street
Chattanooga, TN 37403

Zachary M. LeVasseur
Parker Hudson Rainer & Dobbs
Suite 2800
1201 West Peachtree Street
Atlanta, GA 30309-3450
zlevasseur@phrd.com

David E. Lemke
Waller Lansden Dortch & Davis, LLP
Suite 2700
511 Union Street
Nashville, TN 37219
david.lemke@wallerlaw.com

William L. Lundy, Jr.
PO Box 1018
212 Main Street
Cedartown, GA 30125-1018

Jeffrey W. Maddux
Chambliss, Bahner & Stophel, P.C.
Liberty Tower - Suite 1700
605 Chestnut Street
Chattanooga, TN 37450
jmaddux@chamblisslaw.com

Leah Fiorenza McNeill
Bryan Cave, LLP
1201 W. Peachtree St.
Fourteenth Floor
Atlanta, GA 30309
leah.fiorenza@bryancave.com

Dorothy Capers
9399 W. Higgins Road
Suite 600
Rosemont, IL 60018

Bruce R. Millar
Millar & Mixon, LLC
108 Williamson Mill Road
Jonesboro, GA 30236
bmillar@millarmixon.com

John W. Mills, III
Barnes & Thornburg LLP
Suite 1700
3475 Piedmont Road, NE
Atlanta, GA 30305
john.mills@btlaw.com

Steven P. Ordaz
BMC Group, Inc.
Suite 800
500 N. Dearborn St.
Chicagol, IL 60654
sordaz@bmcgroup.com

BMC Group, Inc.
Attn: Tinamarie Feil
600 1st Avenue Suite 300
Seattle, WA 98104
tfeil@bmcgroup.com

Alkesh B. Patel
Georgia Dept. of Law
40 Capitol Square, SW
Atlanta, GA 30334
apatel@law.ga.gov

Melanie S. McNeil
State Long Term Care Ombudsman
Division of Aging Services
Department of Human Services
2 Peachtree St. NW, 33rd Floor
Atlanta, GA 30303
msmcneil@dhr.state.ga.us

Clifton M. Patty, Jr.
Patty & Young
7731 Nashville Street
Ringgold, GA 30736
bklaw@pattylaw.com

Lisa M. Peters
Kutak Rock LLP
1650 Farnam Street
Omaha, NE 68102-2186
lisa.peters@kutakrock.com

David M Powlen
Barnes & Thornburg LLP
1000 N West Street
Suite 1500
Wilmington, DE 19801

Benjamin W. Prevost
DLA Piper LLP (US)
Suite 2800
1201 W. Peachtree St.
Atlanta, GA 30309
ben.prevost@dlapiper.com

Rebecca J. Price
Norris, McLaughlin & Marcus, P.A.
Suite 502
515 Hamilton Street
Allentown, PA 18104
rprice@nmmlaw.com

Lori L. Purkey
Purkey & Associates, PLC
2251 E. Paris Ave. SE
Suite B
Grand Rapids, MI 49546

Craig V. Rasile
DLA Piper LLP
Suite 2500
200 S. Biscayne Blvd.
Miami, FL 33131

Thomas D. Richardson
Brinson, Askew, Berry, et al
P. O. Box 5007
Rome, GA 30162-5007
TRichardson@Brinson-Askew.com

Mathew A. Schuh
Busch White & Norton, LLP
Suite 300
3330 Cumberland Blvd.
Atlanta, GA 30339-3169
mschuh@bssfirm.com

Alan I. Seitman
Alan I. Seitman
6445 Powers Ferry Road, N.W.
Suite 265
Atlanta, GA 30339
alan@seitmanlaw.com

Daniel J. Strowe
Georgia Department of Law
40 Capitol Square, SW
Atlanta, GA 30334-1300
dstrowe@law.ga.gov

Robert P. Sweeter
Waller Lansden Dortch & Davis, LLP
Suite 2700
511 Union Street
Nashville, TN 37219
rob.sweeter@wallerlaw.com

John A. Thomson, Jr.
Womble Carlyle Sandridge & Rice, PLLC
Suite 2400
271 17th Street, N.W.
Atlanta, GA 30363-1017
jthomson@wcsr.com

Robert S. Westermann
Hirschler Fleischer, P.C.
PO Box 500
Richmond, VA 23218
rwestermann@hf-law.com

This the 17th day of August, 2015.

 /s  Martin P. Ochs
MARTN P. OCHS