IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| HUTCHESON MEDICAL CENTER, INC., ) | |
| et al., ) | Jointly Administered Under |
| ) | CASE NO. 14-42863-PWB |
| DEBTORS. ) | |
| ) | |
| ) | JUDGE: PAUL W. BONAPFEL |
| ) | |

Amended (j.h.)

## MOTION TO ALTER OR AMEND THIS COURT'S ORDERS REGARDING BIDDING ISSUES AND THE SALE OF THE HOSPITAL

Comes now, Walker County Georgia, a creditor filing a notice of appearance, and files this motion regarding this Court's order entered on 11.4.15 - Order Authorizing Procedures for and Scheduling Auction for Highest Bid. Doc 409. In that order this Court set certain deadlines for the procedures and scheduling of the auction of Hutcheson Medical Center, Inc. (the hospital) for the highest bid. Walker County asserts that the order should be amended to prevent the trustee and the hospital from stopping the intake of patients, to prevent layoffs of hospital employees and to give the bidders the opportunity to bid on the hospital with the Court accepting the highest bid in accordance with its orders. In support of this Motion Walker County would assert that it is in the best interest of the hospital and the County for the Court to take the following action in amending its order:

1. The bid deadline was set by the Court for November 24, 2015.

2. The bankruptcy trustee is to lay off certain employees on November 23, ~~2014~~ 2015 (g.h). The trustee is to further stop taking patients on November 27, 2015. Furthermore, the trustee plans on closing the hospital on December 4, ~~2014~~ 2015 (g.h). A stalking horse bid is expected to be received by two entities on or before the scheduled December 3, 2015 auction date.

3. Walker County is aware of a timely 2 timely offers to purchase the hospital made in accordance with the provisions of the United States Bankruptcy Code, one known as the Apollo bid and the other known as the Prime bid. Walker County has no knowledge of the amount of the Apollo bid but believes that it is competitive. The Prime bid is represented in the following email:

> **"From:** Don Oliver <d.oliver@walkerga.us>
> **Date:** November 20, 2015 at 8:14:18 AM EST
> **To:** "Ferdinands, Paul" <PFerdinands@KSLAW.com>
> **Cc:** Rob Williamson <rwilliamson@swlawfirm.com>, "Decker, James" <Jim.Decker@guggenheimpartners.com>, "Jacquin, Jay" <Jay.Jacquin@guggenheimpartners.com>, Ron Glass <rglass@glassratner.com>, "kurzweild@gtlaw.com" <kurzweild@gtlaw.com>, "Troy Schell (PHS) (TSchell@primehealthcare.com)" <TSchell@primehealthcare.com>, "Hawk, Tom" <THawk@KSLAW.com>
> **Subject: Re: Hutcheson transaction proposal (clarified)**
> Progress must be made this morning toward the Trustee and/or Regions accepting this bid, or else Walker County will proceed to file a motion for Court approval.
>
> Sent from my iPhone
>
> On Nov 19, 2015, at 6:43 PM, Ferdinands, Paul <PFerdinands@KSLAW.com> wrote:

Gentlemen: This message confirms that Prime is offering $7 million cash to purchase, pursuant to a private sale conducted under section 363 of the Bankruptcy Code, all of the Debtors' assets, including the hospital, the surgery center, the childcare center, all personal property (including all receivables and FF&E), and all owned real estate (including the real property recently transferred to the Debtors from the county), but excluding the SNF. As part of this transaction, Prime will assume responsibility for managing the hospital and, from and after the time Prime begins managing the hospital until the closing, Prime will be responsible for the operating costs and expenses of the hospital arising during the period it is the manager (it being understood that the hospital is expected to operate at a deficit and Prime will be entitled to use collections and other payments received during the time it is the manager to pay the operating expenses). Based on the due diligence conducted to date, Prime believes the $7 million cash portion of the purchase price would be allocated as follows: (i) $1 million to the hospital and the real property at the main campus, and (ii) $6 million to all other assets, including the surgery center and all personal property. To the extent Prime injects funds into the bankruptcy estate, whether as a dip loan or otherwise, during the time it is acting as manager, repayment of those funds would be subordinated to the prior payment (in full) of all pre-existing claims in the chapter 11 case (whether arising prior to or after the petition date). In addition, to the extent the transaction with Prime does not close for any reason, Prime would be responsible for closing/shutting down the hospital and would bear the costs and expenses associated with the shutdown.

Note that Prime will not be responsible for any of the professional fees, any other costs and expenses of the bankruptcy case, or any claims arising prior to the time Prime takes over as manager of the hospital.

We understand that time is of the essence. Please let us know as soon as possible if the Debtors are prepared to proceed on this basis. We are available at your convenience to answer questions or to discuss this proposal. Thanks"

4. There are additional crucial deadlines set for December. On December 14, 2015 the Court scheduled an adversary proceeding regarding this matter which includes an adversary proceeding filed by Erlanger Hospital. The Court also has a hearing scheduled arguments on a Motion to Lift Stay for December 2, 2015 at 9:25 am.

5. With the expected bids to be received on or before December 3, 2015 it is against the interests of the hospital and Walker County for the trustee to stop taking patients on November 27, 2015. It is against the interests of the hospital for the trustee to layoff employees with the two bids pending or to be submitted. It is, furthermore, against the hospital's interests for the hospital to close its doors on December 4, 2015 the day after bids are received and prior to the scheduled adversary hearings on December 14, 2015.

6. Therefore, Walker County proposes that the Court enter an order requiring the trustee to continue to accept patients and keep the hospital operating until at least December 21, 2015. By taking such action the Court insures that the expected bids are received and the hospital remains in operation pending the receipt and acceptance of the bids on December 3, 2015. Furthermore, if an acceptable bid is received by the Court it is in the best interest of the bidder, the hospital and Walker County Georgia for the hospital to remain in operation and to continue the

acceptance of patients so the purchaser may close on the proposed purchase and take over hospital operations without any interruption in said operations.

7. Walker County requests that the Court amend its order ordering the trustee to keep accepting patients and to continue hospital operations until at least December 21, 2015 allowing this Court to proceed to accept bids on or before December 3, allowing the court to hear the adversary proceedings on December 14, 2015 and allowing the highest bidder to be in a position to insure that the hospital remains in operation pending the closing on the expected sale of the hospital.

8. Walker County is aware of the bids mentioned above. Both bids would be contingent upon the hospital continuing in its operations. To the best of Walker County's knowledge, the two bids are solid bids which would mean that the hospital can continue its operations once a closing has been made and should continue in its operations while the bids are pending. Walker County believes that the court can accept the appropriate bid in accordance with the previous policies and procedures issued by this court through the order of the court.

9. Walker County understands that the hospital has enough operating funds to continue operations through December 21[1]. That operations, in order to ensure that the bids are fair, and for the two stalking horse bidder is to adequately purchase

---

[1] It is Walker County's understanding that a DSH payment is pending and the hospital should be able to continue ALL operations until after the adversary hearing on 12/14 (to12/21)

the hospital, needs to continue. The employees of the hospital are continuing to work at the hospital and are the "hard-core employees" who believe in the hospital and will continue working for the hospital until the processes of this Court are complete.

Furthermore, Walker County understands that the trustee is preparing to lay off employees today. Said layoffs will be counterproductive to the bids to be received by this Court nor that have been received by this Court. The court can go ahead and accept the bid, can give direction to the trustee to continue operations, and can tell the trustee that layoffs are counterproductive to getting the hospital sold for a fair price in accordance with the policies and procedures set forth by this court. Since there are two stalking horse bidders who are willing to purchase the hospital, hospital operations should continue so that a closing on the hospital for a fair price in accordance with the policies and procedures set forth by court order is made.

9. Walker County requests this Court to enter an order amending its order stopping the trustee from not accepting patients and keeping the hospital in operation until the Court can set a hearing on this Motion. Walker County suggests to the Court that the hearing take place along with the hearing on the Motion to Lift stay scheduled for December 2, 2015 or, alternatively, that the Court schedule a hearing on this Motion for November 24, 2015 if the Court feels it needs to hear

arguments of Counsel prior to changing the deadlines as requested herein. Additionally, Walker County requests this Court to order that no layoffs occur, that hospital operations continue and that no further actions to interrupt or change the current operating procedures of the hospital are implemented up and through December 21, 2015.

Walker County further requests that this court accept one of the two bids that apparently have been made on the hospital and that hospital operations continue pending further hearing by this court.

Respectfully submitted,

JAMES, JAMES & JOYNER

STUART F. JAMES, GA Bar No. 389355
Attorney for Walker County Georgia
735 Broad Street, Suite 908
Chattanooga, TN 37402
Phone: (423) 756-3646
Fax:    (423) 756-3647

## CERTIFICATE OF SERVICE

The undersigned attorney herby certifies that he has this day served opposing counsel with the foregoing document by filing the same with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

This 23rd day of November, 2015.

STUART F. JAMES, GA Bar No: 389355