IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| HUTCHESON MEDICAL CENTER, INC., | ) | Jointly Administered Under |
| et al., | ) | CASE NO. 14-42863-pwb |
| | ) | |
| Debtors. | ) | |

**EMERGENCY MOTION AND NOTICE OF FILING OF (A) ASSET PURCHASE AGREEMENT AND MANAGEMENT AGREEMENT WITH PRIME HEALTHCARE, AND (B) MOTION AUTHORIZING POSTPETITION FINANCING; AND REQUEST FOR EXPEDITED HEARING**

COMES NOW, Ronald Glass, as duly appointed Chapter 11 Trustee (the "**Trustee**") for the bankruptcy estates of Hutcheson Medical Center, Inc., ("**HMC**") and Hutcheson Medical Division, Inc., ("**HMD**") (hereinafter, collectively, the "**Debtors**"), debtors and debtors-in-possession in the above-styled jointly administered case (the "**Case**"), by and through the undersigned counsel, and files this Motion and Notice respectfully representing to the Court as follows:

**Background**

1. On November 20, 2015 (the "**Petition Date**"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. On or about December 2, 2014, an official committee of unsecured creditors (the "**Committee**") was appointed. On or about September 21, 2015, the Court entered an order approving the appointment of the Trustee.

3. On or about November 5, 2015, this Court entered an order authorizing bid procedures to effectuate a sale of Debtors' real and personal property, and other assets (the "**Assets**"), as well as

scheduling a hearing on the sale of Debtors' Assets for December 14, 2015, at 10:00 a.m. (the "**Sale Hearing**").

4. On or about November 5, 2015, this Court also entered an order granting Trustee the authority to commence the immediate closure of the Debtors' operations at the Hutcheson Medical Center Acute Care Hospital Facility located at 100 Gross Crescent Circle, Fort Oglethorpe, Georgia 30742, and the Battlefield Parkway Ambulatory Care Center facility located at 475 Battlefield Parkway, Ringgold, Georgia 30736 (collectively, the "**HMC Hospital Facilities**").

5. As of the date of this filing, the HMC Hospital Facilities are scheduled to be closed on December 4, 2015 at 9:00 a.m. (the "**Closure Date**").

## Jurisdiction and Venue

6. This Court has jurisdiction of this Motion and Notice pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue of the Debtors' Chapter 11 case and this Motion and Notice in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

7. In order to avoid the Closure Date, the Trustee and Debtors, along with their professionals, have engaged in an extensive marketing process to sell the HMC Hospital Facilities.

8. The Trustee is in the process of negotiating an Asset Purchase Agreement (the "**Prime APA**") with Prime Healthcare ("**Prime**"), the approval of which is scheduled for the Sale Hearing.

9. In connection with the possible sale of some or all the HMC Hospital Facilities, the Trustee seeks approval from this Court to enter into a management agreement with Prime (the "**Prime Agreement**"). The Prime Agreement will allow for Prime to take over operations at the HMC

Hospital Facilities, becoming responsible for funding all operations and any shortfalls from the date of the agreement forward.

10. Additionally, as part of the Prime APA and Prime Agreement, Prime will provide the Trustee with postpetition financing, in a manner that is currently being negotiated and will be provided to the Court at or before the hearing (the "**Prime Financing Facility**").

11.  The Prime APA, Prime Agreement, and Prime Financing Facility will be provided to this Court at or before a hearing to consider this Motion and Notice.

12. Trustee requests an emergency hearing on shortened notice to present the Prime APA, Prime Agreement, and Prime Financing Facility to this Court.

13. Trustee further requests that this Court enter an Order approving the Prime APA, Prime Agreement and Prime Financing Facility.

## Good Faith Purchaser Designation

14. As part of the relief sought by the Trustee, the Trustee asks the Court to designate Prime as a good faith purchaser, as such term is utilized in Section 363(m) of the Bankruptcy Code. Such designation can be made by a Bankruptcy Court in the context of a sale of assets of a debtor when it has been established that the proposed purchaser is an unrelated third party, not affiliated with or having any insider relationship with the debtor, and when the proposed transaction is for fair value and is the result of arms length negotiations between the parties. See  In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3d Cir. 1986).

15. With respect to the proposed transactions, the Debtors anticipate that any Purchaser proposed will meet the qualifications for designation as a good faith purchaser in that: (a) they will not be affiliated in any way with the Debtors, and (b) they and their representatives will have negotiated in good faith and at arm's length with the Debtors' management.   It is expected that

any Purchaser may make offers of employment to a number of the Debtors' employees, though there is not currently any definitive agreement, written or oral, between any Purchaser and any of the Debtors' employees. Any discussions of the potential employment of employees of the Debtors by a Purchaser shall not, however, negatively affect the Debtors' negotiations or detract from the fairness of any proposed transaction. See In re Integrated Resources, Inc., 147 B.R. 650, 659 (S.D.N.Y. 1992) (employment discussions between Debtors' management and prospective buyer did not taint sale process so as to negate the application of the business judgment rule to the propriety of the sale transaction).

### Waiver of 14-Day Stay on Closing

16. Bankruptcy Rules 6004(h) and 6006(d) respectively provide that an order authorizing the use, sale, or lease of property and an order authorizing the assumption and assignment of executory contracts or unexpired leases will be stayed for fourteen days after entry of such approval orders unless the court orders otherwise. Because of the need to close the transactions contemplated herein as promptly as possible, the Debtors request that the Court order and direct that the order approving this Motion shall not be automatically stayed for fourteen days.

17. No previous request for the relief sought herein has been made to this or any other Court.

### Notice

18. Notice of this Motion and Notice has been provided to the United States Trustee; counsel to Regions Bank, the Debtors' pre-petition secured lender; counsel to Prime; and parties identified on the Short Service List approved by the Court in this case. In light of the nature of the relief requested, the Trustee submits that no further notice is necessary.

## Conclusion

WHEREFORE, the Trustee respectfully requests that this Court:

(a) schedule an expedited hearing on this Motion and Notice to consider the Prime APA, Prime Agreement, and Prime Financing Facility;

(b) enter an Order approving the Prime APA, Prime Agreement, and Prime Financing Facility and enter into the transactions contemplated therein;

(c) designate Prime as a good faith purchaser as defined under Section 363(m) of the Bankruptcy Code;

(d) waive the 14-day stay on the transactions contemplated within the Prime APA, Prime Agreement, and Prime Financing Facility; and

(e) grant the Trustee such other and further relief as is just and proper.

This 2nd day of December, 2015.

Respectfully submitted,

SCROGGINS & WILLIAMSON, P.C.

1500 Candler Building
127 Peachtree Street, NE
Atlanta, GA 30303
T: (404) 893-3880
F: (404) 893-3886
E: rwilliamson@swlawfirm.com
   aray@swlawfirm.com
   hkepner@swlawfirm.com

/s/ J. Hayden Kepner Jr. (by Roberto Bazzani w/express permission)
J. ROBERT WILLIAMSON
Georgia Bar No. 765214
ASHLEY REYNOLDS RAY
Georgia Bar No. 601559
J. HAYDEN KEPNER, JR.
Georgia Bar No. 416616

*Special Counsel for Chapter 11 Trustee*