IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| HUTCHESON MEDICAL CENTER, INC., | ) | Jointly Administered Under |
| et al., | ) | CASE NO. 14-42863-pwb |
| | ) | |
| Debtors. | ) | |

**EMERGENCY MOTION FOR AUTHORITY TO (A) ENTER INTO MANAGEMENT
SERVICES AGREEMENT WITH PEOPLE'S CHOICE HOSPITAL, LLC, AND
(B) TO INCUR DEBT AND REQUEST FOR PRELIMINARY HEARING**

COMES NOW Ronald L. Glass, as duly appointed Chapter 11 Trustee (the "**Trustee**") for the bankruptcy estates of Hutcheson Medical Center, Inc., ("**HMC**") and Hutcheson Medical Division, Inc., ("**HMD**") (hereinafter, collectively, the "**Debtors**"), debtors and debtors-in-possession in the above-styled jointly administered case (the "**Case**"), pursuant to 11 U.S.C. §§ 105, 363 and 364 and Bankruptcy Rule 4001(c), and makes and files this Emergency Motion for Authority to (A) Enter Into Management Services Agreement with People's Choice Hospital, LLC, (B) to Incur Debt and Request for Preliminary Hearing (the "**Motion**"). In support of the Motion, the Trustee respectfully shows the Court as follows.

**Background**

1.

On November 20, 2015 (the "**Petition Date**"), the Debtors each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

2.

On or about December 2, 2014, an official committee of unsecured creditors (the "**Committee**") was appointed.

3.

The Court approved the appointment of the Trustee on or about September 21, 2015.

4.

Prior to the appointment of the Trustee, the Debtors provided health care services to the residents of Catoosa, Walker, and Dade counties through a 179-bed hospital ("**Hospital**") and a skilled nursing care facility ("**SNF**") that are located adjacent to each other on the Debtors' main campus located at 100 Gross Crescent Circle, Ft. Oglethorpe, Georgia, an outpatient surgery center and clinic that is located on Battlefield Parkway in Ringgold, Georgia ("**Surgery Center**"), and miscellaneous clinics and facilities that are located both on and off the main campus (collectively, the "**Medical Center**").

5.

Following the Petition Date, the Debtors determined, with the guidance and advice of its professional advisors, the Committee and Regions Bank, that the best and most efficient exit strategy for the Debtors from bankruptcy is a sale of some or all of the Debtors' assets to one or more purchasers. Debtors retained Guggenheim Securities, LLC ("**Guggenheim**") to act as their investment banker to market the Debtors' assets. The Trustee agrees that the best and most efficient exit strategy for the Debtors' estates is a sale of some or all of the Debtors' assets, and has continued Guggenheim's retention. Guggenheim has assisted the Debtors' management and the Trustee in evaluating and pursuing one or more potential sale transactions.

6.

On or about October 13, 2015, the Trustee filed a Motion (A) For Authority To Sell Assets Free And Clear Of Liens, Claims, And Encumbrances (B) To Assume And Assign Certain Executory Contracts, Leases And Licenses And Establish Cure Amounts In Connection

Therewith; (C) To Establish Procedures With Respect To Such Sale And The Assumption And Assignment Of Executory Contracts And Leases, (D) To Consider Approval Of Breakup Fee, And (E) To Shorten And Limit Notice (the "**Sale Motion**").

7.

On or about November 5, 2015, this Court entered an order authorizing bid procedures to effectuate a sale of Debtors' real and personal property, and other assets (the "**Assets**"), as well as scheduling a hearing on the sale of Debtors' Assets for December 14, 2015, at 10:00 a.m. (the "**Sale Hearing**").

8.

On or about November 5, 2015, this Court also entered an order granting Trustee the authority to commence the immediate closure of the Debtors' operations at Hospital and the Surgery Center.

9.

The Trustee completed his closure of the Hospital and the Surgery Center on December 4, 2015. Upon information and belief, the Trustee may "revive" the applicable licenses to operate the Hospital within ten (10) days of the closure.

10.

Despite the closure, the Trustee and his professionals have continued to negotiate the terms of a sale of the Hospital and certain assets related thereto. As set forth in the Amended Notice of Filing (A) Letter of Intent with People's Choice Hospital, LLC for the Purchase and Sale of Certain Assets; (B) Management Agreement with People's Choice Hospital, LLC; and (C) Term Sheet for Post-Petition Debtor-in-Possession Financing (the "**Amended Notice**") filed simultaneously herewith, the Trustee is seeking to sell the Hospital and certain associated assets

to People's Choice Hospital, LLC ("**PCH**").  The Trustee will ask the Court to consider the proposed sale to PCH at the Sale Hearing.

11.

In connection with the anticipated sale of certain Hospital assets to PCH, the Trustee must re-open the Hospital and "revive" the applicable licenses prior to the expiration of the ten (10) day period following closure.

12.

The Trustee has negotiated a Management Services Agreement ("**MSA**") pursuant to which PCH will re-open, operate and manage the Hospital on behalf of the Trustee through the date of closing on the proposed sale transaction to PCH.  A copy of the MSA is attached as Exhibit B to the Amended Notice.  In order to "revive" and preserve the necessary licenses, PCH must be operational no later than December 14, 2015.

13.

In order to re-open the Hospital and ensure proper care for its patients, the Trustee must spend certain amounts to maintain and run the facility.  The Trustee will need immediate financing in order to preserve the value of its assets.

14.

LifeBrite Management, Inc., ("**Lifebrite**"), and affiliate of PCH, has agreed to provide the Trustee with post-petition financing on terms substantially in accordance with those contained in the term sheet attached as Exhibit C to the Amended Notice.  Any funds advanced pursuant to the DIP facility may only be repaid from revenue generated after PCH takes over operation and management of the Hospital.

15.

Bankruptcy Rule 4001 controls the procedure for obtaining the relief requested herein. Bankruptcy Rule 4001 specifically requires fourteen (14) days notice to the U. S. Trustee and the list of Twenty Largest Unsecured Creditors, but permits the Court to conduct a preliminary hearing before the expiration of the 14-day notice period. Accordingly, pursuant to Bankruptcy Rule 4001(c)(2), the Trustee requests that this Court conduct a preliminary hearing on Friday, December 11, 2015, which is before the expiration of the fourteen days and authorize the Trustee to obtain credit to the extent necessary to avoid immediate and irreparable harm to the Debtors' estates pending a final hearing.

16.

The Trustee has given notice of this Motion to the U.S. Trustee, counsel for the Committee, counsel for Regions Bank, counsel for Chattanooga-Hamilton County Hospital Authority d/b/a Erlanger Health System, counsel for the Hospital Authority of Walker, Dade and Catoosa Counties, counsel for Walker County, counsel for Catoosa County and all parties on the Master Service List maintained in the Case. The Trustee contends that no further notice is required under the circumstances.

WHEREFORE, the Trustee prays the Court to enter an order:

(a) scheduling a preliminary hearing to consider this Motion;

(b) scheduling a final hearing on this Motion; and

(c) after such final hearing, granting this Motion and authorizing the Trustee to enter into a management services agreement and to incur credit on the terms and conditions requested in this Motion.

This 10th day of December, 2015.

                Respectfully submitted,

                SCROGGINS & WILLIAMSON, P.C.

| | |
|---|---|
| 1500 Candler Building | |
| 127 Peachtree Street, NE |  /s/ Ashley Reynolds Ray |
| Atlanta, GA 30303 | J. ROBERT WILLIAMSON |
| T: (404) 893-3880 | Georgia Bar No. 765214 |
| F: (404) 893-3886 | ASHLEY REYNOLDS RAY |
| E: rwilliamson@swlawfirm.com | Georgia Bar No. 601559 |
|   aray@swlawfirm.com | |
| | *Special Counsel for the Trustee* |