IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| HUTCHESON MEDICAL CENTER, INC., et al., | ) ) | Jointly Administered Under CASE NO. 14-42863-pwb |
| | ) | |
| Debtors. | ) | |

NOTICE OF MOTION PURSUANT TO BANKRUPTY RULE 9019 FOR APPROVAL OF SETTLEMENT AND COMPROMISE WITH CHATTANOOGA –HAMILTON COUNTY HOSPITAL AUTHORITY D/B/A ERLANGER HEALTH SYSTEM, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF DEBTORS, CATOOSA COUNTY, WALKER COUNTY, AND REGIONS BANK
AND REQUEST FOR HEARING

**NOTICE IS HEREBY GIVEN** that on December 11, 2015, Ronald Glass, as duly appointed Chapter 11 Trustee (the "**Trustee**") of the bankruptcy estates of Hutcheson Medical Center, Inc. and Hutcheson Medical Division, Inc. (collectively, the "**Debtors**") filed a Motion Pursuant to Bankruptcy Rule 9019 For Approval of Settlement and Compromise (the "**Motion**") [Doc 492] with Chattanooga-Hamilton County Hospital Authority d/b/a/ Erlanger Health System ("**Erlanger**"), the Official Committee of Unsecured Creditors of Debtors (the "**Committee**"), Catoosa County ("**Catoosa**"), Walker County ("**Walker**"; together with Catoosa, the "**Counties**"), and Regions Bank ("**Regions**"; collectively, with the Trustee, Erlanger, the Committee, and the Counties, the "**Parties"**), requesting that the Court approve the terms of a compromise and settlement agreement between the parties substantially in the form of a Settlement Agreement between the Parties, a copy of which is attached to the Motion as Exhibit "A" (the "**Settlement Agreement**"). [1]

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement.

1

The terms of the settlement and compromise are summarized as follows.[2]

a. Erlanger and Regions will consent to a sale of the Erlanger Collateral, free and clear of liens, claims and interests, with such liens, claims and interests to attach the proceeds of sale, subject to the terms of the Settlement Agreement. Upon the sale of all or any portion of the Erlanger Collateral, the Trustee will make certain payments to Erlanger (the "**Settlement Payments**") in exchange for Erlanger releasing its lien on the property sold. The Settlement Payments which would be required to be paid to Erlanger are as follows: (a) $225,000 of the gross proceeds from any sale of the MOB Real Property; (b) $1,200,000 of the gross proceeds from any sale of the Hospital Real Property; (c) $80,000 of the gross proceeds from any sale of the Undeveloped Medical Center Property; (d) $1,290,000 of the gross proceeds from the sale of the SNF Sale Assets; and (e) $100,000 of the gross proceeds from the sale of the CCC Sale Assets.

b. Except for the sale proceeds allocations set forth in the Settlement Agreement, Erlanger shall not be entitled to any distributions from the Trustee or the Debtors' Estates and all remaining claims of Erlanger shall be entirely subordinate to the claims of all other creditors in the Bankruptcy Cases. Upon consummation of the settlement Agreement, Erlanger will no longer participate in the Bankruptcy Cases other than to enforce its rights under the Settlement Agreement or the Required Sale Order. Notwithstanding anything in the Settlement Agreement to the contrary, Erlanger is not releasing and expressly reserves all claims and causes of action against the Authority including, but not limited to, those

---

[2] The description of the settlement terms in this Notice is a summary only, and the complete settlement terms are set forth in the Settlement Agreement attached to the Motion as Exhibit "A." In the event of any conflict between the language of this Notice and the Settlement Agreement, the terms of the Settlement Agreement shall control.

2

claims asserted in the District Court Action. Similarly, the Authority reserves all claims and defenses asserted by it in the District Court Action. Erlanger also expressly reserves all claims and causes of action against Walker County and Catoosa County, including in connection with the Counties' guaranties of the Line of Credit Note and any legal obligations set forth in the Intergovernmental Agreement, the Deed to Secure Debt or any of the other Line of Credit Documents. As set forth in the Settlement Agreement, the releases granted under the Settlement Agreement are without rights and claims of any Party against non-Parties.

 c. As described in the Settlement Agreement, (i) Regions, the Debtors, the Trustee, the Estates and the Committee shall release claims against Erlanger, and (ii) Erlanger shall release claims against Regions, the Debtors, the Trustee, the Estates and the Committee

 d. As consideration for consenting to the Settlement Agreement, Erlanger will credit each consenting County's maximum potential liability to Erlanger, if any, under paragraphs 4(b) and 5(b) of the Intergovernmental Agreement with one-half of the actual cash proceeds disbursed to Erlanger from the sale of any of the Erlanger Collateral.

 e. The Court shall enter an Order and Judgment in the Adversary Proceeding holding, determining and declaring, *inter alia*, (i) that any sale or credit bid of all or a portion of the Erlanger Collateral under Section 363 of the Bankruptcy Code is the factual and legal equivalent to, and is accordingly deemed to be, a "non-judicial foreclosure," and completely, unconditionally, and irrevocably satisfies the "non-judicial foreclosure" requirements of the provisions of the Intergovernmental Agreement and the Deed to Secure Debt; and (ii) the amount(s) allocated and disbursed to Erlanger from the sale of or the

Erlanger Credit Bid on some or all of the Erlanger Collateral constitutes "the fair market value of [such] property encumbered by the Deed to Secure Debt as of the date of non-judicial foreclosure" within the meaning of the provisions of the Intergovernmental Agreement and the "fair market value of the Premises as of the date of the non-judicial foreclosure" within the meaning of the provisions of the Deed to Secure Debt.

f. After the Required Sale Order becomes final non-appealable order, the Court shall *sua sponte* dismiss all claims asserted against Walker County, Catoosa County and the Authority in the Adversary Action *without prejudice* under Fed, R. Civ. Pro. 41(a)(2).

g. In the event that: (i) the Bankruptcy Court enters the Required Sale Order and the District Court adopts the Bankruptcy Court's proposed findings of fact and conclusions of law in the Required Sale Order, and (ii) the SNF Sale closes, the Trustee shall immediately dismiss the HMC Appeal and the counterclaims asserted in the District Court Action *with* prejudice.

h. The settlement is contingent upon entry by the Bankruptcy Court of an order granting the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has scheduled a hearing on the **14th day of December 2015, at 10:00 a.m. (ET)**, in Courtroom 1401, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303, to consider the Motion and any objections thereto, and the Trustee intends to appear and present the Motion to the Bankruptcy Court at said date and time.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion shall be made available as follows: (i) upon written request to the Trustee's counsel  of record listed below; (ii) at the

4

website of the Trustee's claims and noticing agent, BMC Group ("**BMC**") (**www.bmcgroup.com/hutcheson**); and/or (iii) in the office of the Clerk, U.S. Bankruptcy Court between 8:00 a.m. and 4:00 p.m. or online anytime at http://ecf.ganb.uscourts.gov (registered users) or at http://pacer.psc.uscourts.gov (unregistered users).

Your rights may be affected by the Court's ruling on this Motion. You should read the Motion carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views, then you and/or your attorney should attend the hearing. You may also file a written response to the Motion with the Clerk at the address stated below, but you are not required to do so.

This 11th day December, 2015.

Respectfully submitted,

SCROGGINS & WILLIAMSON, P.C.

1500 Candler Building
127 Peachtree Street, NE          */s/ J. Robert Williamson*
Atlanta, GA 30303                 J. ROBERT WILLIAMSON
T: (404) 893-3880                 Georgia Bar No. 765214
F: (404) 893-3886                 J. HAYDEN KEPNER, JR.
E: rwilliamson@swlawfirm.com      Georgia Bar No. 416616
   hkepner@swlawfirm.com

*Special Counsel for Chapter 11 Trustee*

5